IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOOKER T. SHIPP,

                Plaintiff,

v.

KENNETH LOBENSTEIN,

                Defendant.

OPINION and ORDER

22-cv-616-jdp

---

    Plaintiff Booker T. Shipp, appearing pro se, is an inmate at New Lisbon Correctional Institution. Shipp alleges that defendant Kenneth Lobenstein transferred him to the prison's "punishment unit" where Shipp lost his job and faced materially worse conditions, in retaliation for Shipp trying to appeal the dismissal of his previous lawsuit against Lobenstein. I granted Shipp leave to proceed on a First Amendment claim against Lobenstein.

    Defendant Lobenstein has filed a motion for summary judgment on exhaustion grounds. Dkt. 16. I will grant that motion and dismiss the case.

## ANALYSIS

    The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules

require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Lobenstein contends that Shipp failed to exhaust his administrative remedies on his retaliation claim. The parties agree that Shipp's relevant grievance about the issue is No. NLCI-2022-13092, in which Shipp complained that he was moved from B Unit to C Unit for no reason. *See* Dkt. 18-2. Shipp fully exhausted the complaints in this grievance, but Lobenstein argues that the grievance didn't exhaust Shipp's retaliation claim because the grievance did not alert prison officials to the allegation that he moved Shipp because of Shipp's lawsuit against him.

In the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Thus, I have concluded that "'[i]f the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)).

Shipp argues that this an "opaque" standard nowhere present in the administrative regulations, so he was not aware that he needed to include this information in his grievance. But Shipp's ignorance of the legal standard is no defense to Lobenstein's motion for summary judgment. Section 1997e(a) required Shipp to exhaust his administrative remedies, and the legal standards applying to exhaustion reflect the common-sense idea that exhaustion doesn't occur unless prison staff is aware of nature of the prisoner's problem before he files a lawsuit about it. I agree with Lobenstein that Shipp's grievance didn't include the protected conduct that led to retaliatory action. Shipp doesn't mention his lawsuit; he states only that he was moved for no reason. Shipp argues that he didn't really mean that he was moved for no reason, rather that he was "speaking figuratively" and that Lobenstein's decision made no sense. Dkt. 19, at 5. Regardless why Shipp used the language he did, his grievance wasn't enough to give prison officials notice that Shipp thought that Lobenstein retaliated against him.

Shipp also contends that regulations required the grievance examiner to investigate his grievance and that the examiner's statement that Shipp was moved for security, medical, or clinical reasons was a lie. I take him to be saying that had the examiner properly investigated the incident, the examiner might have discovered the retaliation. But the examiner's conduct here is immaterial to the exhaustion issue: Shipp had a duty to raise his problem to the examiner and he did not. Accordingly, I will grant Lobenstein's motion for summary judgment and dismiss the case. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but Shipp would likely find it impossible to file a proper grievance now because the relevant events happened so long ago.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on exhaustion grounds, Dkt. 16, is GRANTED.

2. This case is DISMISSED without prejudice.

Entered April 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge